# IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL CIRCUIT
# IN AND FOR ORANGE COUNTY, FLORIDA

BANMATTIE GEAN JAGMOHAN,
and KHEMRAG JAGMOHAN,

Case No. 2010-CA-9518

*Plaintiffs,*

v.

MILLIKEN & COMPANY, a Delaware
Corporation, VITAFOAM INCORPORATED,
a North Carolina Corporation d/b/a
VITA NONWOVENS, and
WESTERN NONWOVENS, INC.,
a Delaware Corporation and TIETEX
INTERNATIONAL, LTD a South Carolina
Corporation,

**Complaint and
Demand for Jury Trial**

*Defendants.*
_____/



RECEIVED APR 16 2010

NOW COMES the Plaintiffs, Banmattie Gean Jagmohan and her husband, Khemrag Jagmohan, and herein sue Milliken & Company, Vitafoam Incorporated d/b/a Vita Nonwovens, Western NonWovens, Inc. and Tietex International, Ltd for their failure to warn the Plaintiffs of the health risks and hazards of products the defendants supplied to a manufacturing facility in Orlando, Florida which resulted in the Plaintiffs suffering personal injuries and damages, all as more fully set forth below.

## PARTIES

1. Plaintiff, Banmattie Gean Jagmohan (Mrs. Jagmohan) is a natural person, is the wife of Khemrag Jagmohan, and at all times material hereto resided within Orange County, Florida.

2. Plaintiff, Khemrag Jagmohan (Mr. Jagmohan) is a natural person, is the husband of Mrs. Jagmohan, and at all times material hereto resided in Orange County, Florida.

1

3. Defendant Milliken & Company (Milliken) is a corporation incorporated in the state of Delaware and which maintains a principal place of business located at 920 Milliken Road, Spartanburg, South Carolina and which maintain a Registered Agent of CT Corporation, 75 Beattie Place, Two Shelter Centre, Greenville, South Carolina 29601.

4. Defendant Vitafoam Incorporated (Vita) is a corporation incorporated in the state of North Carolina and d/b/a Vita Nonwovens and which maintains a principal place of business located at 2215 Shore Drive, High Point, North Carolina and which maintains a Registered Agent of Peter C. Buck, 101 N. Tryon Street, Charlotte, North Carolina 28246.

5. Defendant Western Nonwovens, Inc. (Western Nonwovens) is a corporation incorporated in the state of Delaware and which maintains a principal place of business located at 966 E. Sandhill Avenue, Carson, CA and which maintains a Registered Agent of The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6. Defendant Tietex International, Ltd. (Tietex) is a corporation incorporated in the state of South Carolina and which maintains a principal place of business located at 3010 N. Blackstock Road, Spartanburg, South Carolina and which maintains a Registered Agent of John M. Campbell, Jr., 104 South Main Street, Suite 900, Greenville, South Carolina 29601.

## JURISDICTIONAL STATEMENT

7. This is an action for damages which exceed Fifteen Thousand Dollars ($15,000.00).

8. At all time material hereto and upon information and belief, each of the named Defendants marketed, sold, shipped and caused delivery of their goods and or products to be shipped and delivered to manufacturing facilities within Orange County, Florida.

9. Plaintiffs' injuries were caused, diagnosed and treated within Orange County, Florida.

10. Jurisdiction and venue is proper in the Circuit Court in and for Orange County, Florida.

## FACTS COMMON TO ALL COUNTS

11. All prequisites to the filing of this action have occurred or have been waived by the defendants.

12. Beginning in or about 1998, Mrs. Jagmohan became employed by Sealy Mattress Company (Sealy), or a corporate subdivision thereof, and worked at a Sealy mattress manufacturing facility which was then located at 11220 Space Boulevard, Orlando, Florida.

13. Throughout Mrs. Jagmohan's employment at Sealy, she worked in a position which required her to cut and sever mattress fabric and material which ultimately would create Sealy mattresses.

14. At some point in 2006, and at the Orlando Sealy facility, Sealy began manufacturing mass quantities of mattresses which were being constructed of fabric and materials which would result in mattresses that were flame retardant, resistant or otherwise constructed of fabric and materials to prevent or reduce the flammability of the mattresses.

15. During Mrs. Jagmohan's employment at Sealy she worked with, cut and severed the flame retardant fabric and materials and same continued through June 2006 at which time Mrs. Jagmohan ceased working with the flame retardant mattress fabric and materials.

16. As a consequence of working with, cutting and severing the flame retardant fabric and materials on a daily basis, Mrs. Jagmohan was directly exposed to particles, including airborne particles, dust and fibers and airborne fibers and fragments of the flame retardant fabric and materials.

17. At no time during Mrs. Jagmohan's employment with Sealy, and specifically during the period of time she worked with the flame retardant fabric and material, did she ever receive any warnings whatsoever of health risks or hazards that would or could arise from working with,

3

inhaling and or ingesting the flame retardant fabric and or materials and said risks and hazards were unknown to her.

18. As a result of not receiving any warnings concerning health risks or hazards associated with the flame retardant fabric and material, Mrs. Jagmohan was not requested to, or required to wear any type of apparatus that would have prevented her from inhaling the airborne flame retardant fabric and material particles and fibers or from ingesting same despite numerous types of apparatus being readily available to the manufacturing industry and at minimal expense.

19. Throughout the period in which Mrs. Jagmohan worked with and was exposed to the flame retardant fabric and materials, she inhaled and ingested flame retardant fabric and material airborne particles and fibers.

20. During all times material hereto, and specifically during the period in which Mrs. Jagmohan worked with and was exposed to the flame retardant fabric and materials, defendant Milliken created, marketed, sold, shipped and supplied bulk quantities of flame retardant mattress making fabric and materials to Sealy's Orlando, Florida facility which ultimately were cut, severed and incorporated into Sealy mattresses.

21. During all times material hereto, and specifically during the period in which Mrs. Jagmohan worked with and was exposed to the flame retardant materials, defendant Vita created, marketed, sold, shipped and supplied bulk quantities of flame retardant mattress making fabric and materials to Sealy's Orlando, Florida facility which ultimately were cut, severed and incorporated into Sealy mattresses.

22. During all times material hereto, and specifically during the period in which Mrs. Jagmohan worked with and was exposed to the flame retardant materials, defendant Western Nonwovens created, marketed, sold, shipped and supplied bulk quantities of flame retardant

mattress making fabric and materials to Sealy's Orlando, Florida facility which ultimately were cut, severed and incorporated into Sealy mattresses.

23. During all times material hereto, and specifically during the period in which Mrs. Jagmohan worked with and was exposed to the flame retardant materials, defendant Tietex created, marketed, sold, shipped and supplied bulk quantities of flame retardant mattress making fabric and materials to Sealy's Orlando, Florida facility which ultimately were cut, severed and incorporated into Sealy mattresses.

24. The flame retardant mattress fabric and materials contained phosphorous, silicon, aluminum silicate, calcium silicate, titanium, clay, acrylic and other chemicals, compounds and agents which when inhaled and or ingested into the human body create an unreasonable risk of harm and injury to humans.

25. As direct and proximate cause of Mrs. Jagmohan's inhalation and ingestion of the flame retardant materials, Mrs. Jagmohan suffered permanent injuries to her lungs and body.

## COUNT ONE
(Strict Liability- Failure to Warn v. *Milliken*)

26. Plaintiffs repeats and re-alleges paragraphs one (1) through twenty-five (25) as if fully set forth below.

27. At all times material hereto, defendant Milliken knew or should have known that its flame retardant mattress fabric and materials that it sold and shipped to Sealy's Orlando, Florida manufacturing facility, absent reasonable instructions or warning, would render same not reasonably safe and therefore defective.

28. As a direct and proximate cause of defendant Milliken's failure to warn Mrs. Jagmohan, Mrs. Jagmohan suffered permanent injuries to her body, incurred economic damages, was caused to require extensive medical treatment, will require extensive medical treatment in the future,

lost income and will continue to lose income and the ability to be gainfully employed and defendant Milliken is strictly liable for same.

WHEREFORE, plaintiff Banmattie Gean Jagmohan demands judgment against defendant Milliken & Company for the losses she has suffered and incurred, will suffer and incur in the future, plus interest, costs and all other relief available under the circumstances.

## COUNT TWO
(Strict Liability- Failure to Warn v. *Vita*)

29. Plaintiffs repeats and re-alleges paragraphs one (1) through twenty-five (25) as if fully set forth below.

30. At all times material hereto, defendant Vita knew or should have known that its flame retardant mattress fabric and materials that it sold and shipped to Sealy's Orlando, Florida manufacturing facility, absent reasonable instructions or warning, would render same not reasonably safe and therefore defective.

31. As a direct and proximate cause of defendant Vita's failure to warn Mrs. Jagmohan, Mrs. Jagmohan suffered permanent injuries to her body, incurred economic damages, was caused to require extensive medical treatment, will require extensive medical treatment in the future, lost income and will continue to lose income and the ability to be gainfully employed and defendant Vita is strictly liable for same.

WHEREFORE, plaintiff Banmattie Gean Jagmohan demands judgment against defendant Vitafoam Incorporated for the losses she has suffered and incurred, will suffer and incur in the future, plus interest, costs and all other relief available under the circumstances.

## COUNT THREE
(Strict Liability- Failure to Warn v. *Western Nonwovens*)

32. Plaintiffs repeats and re-alleges paragraphs one (1) through twenty-five (25) as if fully set forth below.

33. At all times material hereto, defendant Western Nonwovens knew or should have known that its flame retardant mattress fabric and materials that it sold and shipped to Sealy's Orlando, Florida manufacturing facility, absent reasonable instructions or warning, would render same not reasonably safe and therefore defective.

34. As a direct and proximate cause of defendant Western Nonwovens' failure to warn Mrs. Jagmohan, Mrs. Jagmohan suffered permanent injuries to her body, incurred economic damages, was caused to require extensive medical treatment, will require extensive medical treatment in the future, lost income and will continue to lose income and the ability to be gainfully employed and defendant Western Nonwovens is strictly liable for same.

WHEREFORE, plaintiff Banmattie Gean Jagmohan demands judgment against defendant Western Nonwovens for the losses she has suffered and incurred, will suffer and incur in the future, plus interest, costs and all other relief available under the circumstances.

## COUNT FOUR
(Strict Liability- Failure to Warn v. *Tietex*)

35. Plaintiffs repeats and re-alleges paragraphs one (1) through twenty-five (25) as if fully set forth below.

36. At all times material hereto, defendant Tietex knew or should have known that its flame retardant mattress fabric and materials that it sold and shipped to Sealy's Orlando, Florida manufacturing facility, absent reasonable instructions or warning, would render same not reasonably safe and therefore defective.

37. As a direct and proximate cause of defendant Tietex's failure to warn Mrs. Jagmohan, Mrs. Jagmohan suffered permanent injuries to her body, incurred economic damages, was caused to require extensive medical treatment, will require extensive medical treatment in the future, lost income and will continue to lose income and the ability to be gainfully employed and defendant Tietex is strictly liable for same.

WHEREFORE, plaintiff Banmattie Gean Jagmohan demands judgment against defendant Tietex International, Ltd. for the losses she has suffered and incurred, will suffer and incur in the future, plus interest, costs and all other relief available under the circumstances.

## COUNT FIVE
(Negligent Failure to Warn v. *Milliken*)

38. Plaintiffs repeat and re-allege paragraphs one (1) through twenty-five (25) as if fully set forth below.

39. At all times material hereto, defendant Milliken owed a duty to Mrs. Jagmohan to warn same of health risks and hazards associated with working with, cutting and severing its flame retardant mattress fabric and materials.

40. At all times material hereto, defendant Milliken owed a duty to Mrs. Jagmohan to warn same of health risks and hazards associated with inhaling and or ingesting particles of its flame retardant mattress fabric and materials.

41. Defendant Milliken knew, should have known or easily could have determined that its flame retardant mattress making fabric and materials when reduced to or caused to be in particle form, airborne particle form, and or airborne fiber form when inhaled and or ingested into the human body would create an unreasonable health risk and or hazard to those who ingested or inhaled same.

8

42. Defendant Milliken knew, should have known or easily could have determined, and it was therefore foreseeable that its flame retardant mattress fabric and materials that were sold and supplied to Sealy in Orlando Florida would be cut and severed by Sealy employees during the mattress manufacturing process and that same would cause Sealy employees to be exposed to, inhale and ingest the airborne particles and fragments of the flame retardant mattress fabric and materials, especially if no device or apparatus protected the Sealy employees from same.

43. Defendant Milliken breached its duty to warn Mrs. Jagmohan by failing to communicate to her and or her employer the health risks and hazards associated with inhalation and or ingestion of particles of its flame retardant materials.

44. As a direct and proximate cause of defendant Milliken's breach of the duty owed to Mrs. Jagmohan, Mrs. Jagmohan suffered permanent injuries to her body, incurred economic damages, was caused to require extensive medical treatment, will require extensive medical treatment in the future, lost income and will continue to lose income and the ability to be gainfully employed.

WHEREFORE, plaintiff Banmattie Gean Jagmohan demands judgment against defendant Milliken & Company for the losses she has suffered and incurred, will suffer and incur in the future, plus interest, costs and all other relief available under the circumstances.

## COUNT SIX
(Negligent Failure to Warn v. *Vita*)

45. Plaintiffs repeat and re-allege paragraphs one (1) through twenty-five (25) as if fully set forth below.

46. At all times material hereto, defendant Vita owed a duty to Mrs. Jagmohan to warn same of health risks and hazards associated with working with, cutting and severing its flame retardant mattress materials.

9

47. At all times material hereto, defendant Vita owed a duty to Mrs. Jagmohan to warn same of health risks and hazards associated with inhaling and or ingesting particles of its flame retardant mattress materials.

48. Defendant Vita knew, should have known or easily could have determined that their flame retardant mattress making fabric and materials when reduced to or caused to be in particle form, airborne particle form, and or airborne fiber form when inhaled and or ingested into the human body would create an unreasonable health risk and or hazard to those who ingested or inhaled same.

49. Defendant Vita knew, should have known or easily could have determined, and it was therefore foreseeable that its flame retardant mattress fabric and materials that were sold and supplied to Sealy in Orlando Florida would be cut and severed by Sealy employees during the mattress manufacturing process and that same would cause Sealy employees to be exposed to, inhale and ingest the airborne particles and fragments of the flame retardant mattress fabric and materials, especially if no device or apparatus protected the Sealy employees from same.

50. Defendant Vita breached its duty to warn Mrs. Jagmohan by failing to communicate to her and or her employer the health risks and hazards associated with inhalation and or ingestion of particles of its flame retardant materials.

51. As a direct and proximate cause of defendant Vita's breach of the duty owed to Mrs. Jagmohan, Mrs. Jagmohan suffered permanent injuries to her body, incurred economic damages, was caused to require extensive medical treatment, will require extensive medical treatment in the future, lost income and will continue to lose income and the ability to be gainfully employed.

WHEREFORE, plaintiff Banmattie Gean Jagmohan demands judgment against defendant Vitafoam, Incorporated for the losses she has suffered and incurred, will suffer and incur in the future, plus interest, costs and all other relief available under the circumstances.

**COUNT SEVEN**
(Negligent Failure to Warn v. *Western Nonwovens*)

52. Plaintiffs repeat and re-allege paragraphs one (1) through twenty-five (25) as if fully set forth below.

53. At all times material hereto, defendant Western Nonwovens owed a duty to Mrs. Jagmohan to warn same of health risks and hazards associated with working with, cutting and severing its flame retardant mattress materials.

54. At all times material hereto, defendant Western Nonwovens owed a duty to Mrs. Jagmohan to warn same of health risks and hazards associated with inhaling and or ingesting particles of its flame retardant mattress materials.

55. Defendant Western Nonwovens knew, should have known or easily could have determined that their flame retardant mattress making fabric and materials when reduced to or caused to be in particle form, airborne particle form, and or airborne fiber form when inhaled and or ingested into the human body would create an unreasonable health risk and or hazard to those who ingested or inhaled same.

56. Defendant Western Nonwovens knew, should have known or easily could have determined, and it was therefore foreseeable that its flame retardant mattress fabric and materials that were sold and supplied to Sealy in Orlando Florida would be cut and severed by Sealy employees during the mattress manufacturing process and that same would cause Sealy employees to be exposed to, inhale and ingest the airborne particles and fragments of the flame

11

retardant mattress fabric and materials, especially if no device or apparatus protected the Sealy employees from same.

57. Defendant Western Nonwovens breached its duty to warn Mrs. Jagmohan by failing to communicate to her and or her employer the health risks and hazards associated with inhalation and or ingestion of particles of its flame retardant materials.

58. As a direct and proximate cause of defendant Western Nonwovens's breach of the duty owed to Mrs. Jagmohan, Mrs. Jagmohan suffered permanent injuries to her body, incurred economic damages, was caused to require extensive medical treatment, will require extensive medical treatment in the future, lost income and will continue to lose income and the ability to be gainfully employed.

WHEREFORE, plaintiff Banmattie Gean Jagmohan demands judgment against defendant Western Nonwovens for the losses she has suffered and incurred, will suffer and incur in the future, plus interest, costs and all other relief available under the circumstances.

### COUNT EIGHT
(Negligent Failure to Warn v. *Tietex International, Ltd.*)

59. Plaintiffs repeat and re-allege paragraphs one (1) through twenty-five (25) as if fully set forth below.

60. At all times material hereto, defendant Tietex owed a duty to Mrs. Jagmohan to warn same of health risks and hazards associated with working with, cutting and severing its flame retardant mattress materials.

61. At all times material hereto, defendant Tietex owed a duty to Mrs. Jagmohan to warn same of health risks and hazards associated with inhaling and or ingesting particles of its flame retardant mattress materials.

62. Defendant Tietex knew, should have known or easily could have determined that their flame retardant mattress making fabric and materials when reduced to or caused to be in particle form, airborne particle form, and or airborne fiber form when inhaled and or ingested into the human body would create an unreasonable health risk and or hazard to those who ingested or inhaled same.

63. Defendant Tietex knew, should have known or easily could have determined, and it was therefore foreseeable that its flame retardant mattress fabric and materials that were sold and supplied to Sealy in Orlando Florida would be cut and severed by Sealy employees during the mattress manufacturing process and that same would cause Sealy employees to be exposed to, inhale and ingest the airborne particles and fragments of the flame retardant mattress fabric and materials, especially if no device or apparatus protected the Sealy employees from same.

64. Defendant Tietex breached its duty to warn Mrs. Jagmohan by failing to communicate to her and or her employer the health risks and hazards associated with inhalation and or ingestion of particles of its flame retardant materials.

65. As a direct and proximate cause of defendant Tietex's breach of the duty owed to Mrs. Jagmohan, Mrs. Jagmohan suffered permanent injuries to her body, incurred economic damages, was caused to require extensive medical treatment, will require extensive medical treatment in the future, lost income and will continue to lose income and the ability to be gainfully employed.

WHEREFORE, plaintiff Banmattie Gean Jagmohan demands judgment against defendant Tietex International, Ltd. for the losses she has suffered and incurred, will suffer and incur in the future, plus interest, costs and all other relief available under the circumstances

## COUNT NINE
(Derivative Consortium v. *Milliken*)

66. Plaintiffs repeats and re-alleges paragraphs one (1) through twenty-five (25), twenty-eight (28) and thirty-nine (39) through forty-four (44) as if fully set forth below.

67. At all times material hereto, plaintiffs Banmattie Gean Jagmohan and Khemrag Jagmohan were lawfully married as husband and wife.

68. As a direct and proximate cause of defendant Milliken's failure to warn Mrs. Jagmohan, Mrs. Jagmohan suffered permanent injuries to her body, incurred economic damages, was caused to require extensive medical treatment, will require extensive medical treatment in the future, lost income and will continue to lose income and the ability to be gainfully employed and as a direct result of same, plaintiff Khemrag has suffered the loss of *consortium*, companionship and services of his wife and defendant Milliken is liable for same.

WHEREFORE, plaintiff Khemrag Jagmohan demands judgment against defendant Milliken & Company for the losses he has suffered and incurred, will suffer and incur in the future, plus interest, costs and all other relief available under the circumstances.

## COUNT TEN
(Derivative Consortium v. *Vita*)

69. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-five (25), thirty-one (31), forty-six (46) through fifty-one (51) as if fully set forth below.

70. At all times material hereto, plaintiffs Banmattie Gean Jagmohan and Khemrag Jagmohan were lawfully married as husband and wife.

71. As a direct and proximate cause of defendant Vita's failure to warn Mrs. Jagmohan, Mrs. Jagmohan suffered permanent injuries to her body, incurred economic damages, was caused to require extensive medical treatment, will require extensive medical treatment in the future, lost

income and will continue to lose income and the ability to be gainfully employed and as a direct result of same, plaintiff Khemrag has suffered the loss of *consortium*, companionship and services of his wife and defendant Vita is liable for same.

WHEREFORE, plaintiff Khemrag Jagmohan demands judgment against defendant Vitafoam Incorporated for the losses he has suffered and incurred, will suffer and incur in the future, plus interest, costs and all other relief available under the circumstances.

### COUNT ELEVEN
(Derivative Consortium v. *Western Nonwovens*)

72. Plaintiffs repeats and re-alleges paragraphs one (1) through twenty-three (23), thirty-four (34), fifty-three (53) through fifty-eight (58) as if fully set forth below.

73. At all times material hereto, plaintiffs Banmattie Gean Jagmohan and Khemrag Jagmohan were lawfully married as husband and wife.

74. As a direct and proximate cause of defendant Western Nonwovens' failure to warn Mrs. Jagmohan, Mrs. Jagmohan suffered permanent injuries to her body, incurred economic damages, was caused to require extensive medical treatment, will require extensive medical treatment in the future, lost income and will continue to lose income and the ability to be gainfully employed and as a direct result of same, plaintiff Khemrag has suffered the loss of *consortium*, companionship and services of his wife and defendant Western Nonwovens is liable for same.

WHEREFORE, plaintiff Khemrag Jagmohan demands judgment against defendant Western Nonwovens for the losses he has suffered and incurred, will suffer and incur in the future, plus interest, costs and all other relief available under the circumstances.

## COUNT TWELVE
(Derivative Consortium v. *Tietex*)

75. Plaintiffs repeats and re-alleges paragraphs one (1) through twenty-three (23), thirty-seven (37), sixty (60) through sixty-five (65) as if fully set forth below.

76. At all times material hereto, plaintiffs Banmattie Gean Jagmohan and Khemrag Jagmohan were lawfully married as husband and wife.

77. As a direct and proximate cause of defendant Tietex's failure to warn Mrs. Jagmohan, Mrs. Jagmohan suffered permanent injuries to her body, incurred economic damages, was caused to require extensive medical treatment, will require extensive medical treatment in the future, lost income and will continue to lose income and the ability to be gainfully employed and as a direct result of same, plaintiff Khemrag has suffered the loss of *consortium*, companionship and services of his wife and defendant Tietex is liable for same.

WHEREFORE, plaintiff Khemrag Jagmohan demands judgment against defendant Tietex International, Ltd. for the losses he has suffered and incurred, will suffer and incur in the future, plus interest, costs and all other relief available under the circumstances.

78. Plaintiffs demand a trial by jury.

Dated: April 15, 2010

The Plaintiffs,
Mrs. Banmattie Gean Jagmohan
Khemrag Jagmohan
By Their Attorneys

_____
DAVID F. PAULSEN, ESQ.
Hale & Paulsen, P.A.
2450 Sunset Point Road
Clearwater, FL 33765
Tel. No. (727) 797-3900
Fax No. (866) 800-0123
FBN 00684333